COMMONWEALTH *vs* BRANAMON. itself of value to the defendant at the time it was made, and the season or services of the Jack certainly must be regarded as constituting the consideration, or a portion of it on his part, in entering into it.

---

PRESENT-MENT.

*Case* 83.

## Commonwealth *vs* Branamon.

ERROR TO THE ROCKCASTLE CIRCUIT.

*Tippling houses. Taverns. Retailing Spirits, &c.*

*June* 6.     JUDGE SIMPSON delivered the opinion of the Court.

THIS is a presentment against the defendant for keeping a tippling house. On the trial the law and the facts having been by consent, submitted to the Judge, it was proved that one George Houke had obtained a license to keep a tavern, that the defendant, Branamon, agreed with Houke to pay for the license, and for so doing he was to have the right to sell spiritous liquors. Under this arrangement, the defendant occupied a room in the tavern house of Houke, and for some time sold spiritous liqnors there by retail. He afterwards removed his liquors into an adjoining room, which he rented from a third person; which room was no part of the premises in the possession of Houke or under his control, and continued to sell there by retail. The Court below dismissed the presentment.

The right to keep a tavern is a personal privilege and is not transferable, a tavern keeper may sell by his servant or bar keeper, but it must be under his control and

The facts proved constituted the defendant the keeper of a tippling house, unless the agreement between Houke and him, conferred upon him the legal right to sell spiritous liquors by retail. This right is given to the keeper of a tavern as incident to his business, is inseparable from it, and not transferable to a third person. He may exercise it by his barkeeper or servant,

but it must be under his control and superintendence, and form a part of the business of the house kept by him.

It does not appear in this instance, that the occupation of the defendant in selling liquors by retail, had any connection whatever with the business of Houke as a tavern keeper; it seems to have been a separate and distinct concern, managed exclusively by the defendant, in his own name, and for his own benefit, and not for the accommodation of Houke's guests, or in any manner under the control or direction of Houke. The license, therefore, to Houke to keep a tavern, cannot operate as an authority to the defendant, or shield him from the penalty to which he has subjected himself as the keeper of a tippling house.

Wherefore, the judgment is reversed and cause remanded for a new trial and further proceedings consistent with this opinion.

*Cates, Attorney General,* for Commonwealth; *Letcher & Tilford* for defendant.

form a part of the business of the tavern which he is licensed to keep.